**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MYRON STILES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.: 3:18-CV-02108-B** |
| **vs.** | § | |
| | § | |
| **AUTOZONERS, LLC** | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

**PLAINTIFFS FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Myron Stiles  ("Plaintiff" or "Stiles") complaining of  Defendant AutoZoners, LLC ("Defendant" or "AutoZone"), and for causes of action respectfully shows the Court as follows:

I.

**Introduction**

1.01    Plaintiff would show the Court that Defendant wrongfully fired him from his job in violation of 42 U.S.C. §1981 on account of his race, and for protected activity.  Plaintiff also asserts civil rights violations under Title VII and state law.

II.

**Parties**

2.01    Plaintiff Myron Stiles is an individual residing at 4643 Crockett Street, Amarillo, Texas  79110.  He is a citizen of the State of Texas.

2.02    Defendant AutoZoners, LLC is a Nevada Corporation with its headquarters located at

6100 Neil Road, Suite 500, Reno, NV 89511.  It may be served through its counsel of record.

III.

**Jurisdiction and Venue**

3.01    Pursuant to 28 U.S.C. § 1331, jurisdiction is appropriate in the United States District Court for the Northern District of Texas, as this action involves a question of the application of federal law, namely 42 U.S.C. §1981.

3.02    Venue for all causes of action stated herein lies in the Northern District of Texas because a substantial portion of the events or omissions giving rise to the claim occurred in this District, and because the Defendant is subject to the Court's personal jurisdiction with respect to the civil action in question because Defendant owns and operates numerous stores within the boundaries of this District pursuant to 28 U.S.C. §1391(c)(2), (d).

IV.

**Factual Allegations**

4.01    Stiles  started at AutoZone on June 23, 2017 as the Parts Sales Manager.  On the first day, John Zimmerman, Store Manager, told him, "This will be a trial by fire and there is no other way."  He then explained that Stiles would be working one opening shift with him, one closing shift with Ruben ___ (Last Name Unknown), and then closing by himself.  When Stiles called on the third day with questions, Zimmerman was upset that Plaintiff had bothered him at home.

4.02    Stiles was able to work with Raul ___ (half Black and half Mexican), and Plaintiff did not like the way Zimmerman was treating him.  When Stiles spoke with Zimmerman about his treatment of Raul, he laughed and said that Raul would not be here much longer.  Raul was fired shortly thereafter.   Ruben ___ (Mexican) was also forced out by Zimmerman.

4.03    In July, 2017, a new Parts Sales Manager named Jack Mix Jr. (white male) started at AutoZone.  Plaintiff noticed right away that he was treated differently than Stiles was.  For example, he was doing all of his computer training in the office sitting down, and Stiles had to do his standing up at the parts counter in the store while Stiles was waiting on customers.  Mix and Stiles had the same experience and background. The only difference between Mix and Stiles is that Mix is white and Plaintiff is black.

4.04    Stiles asked John Zimmerman in August, 2017, if he could be his assistant store manager, and Zimmerman's reply was, "Auto Zone does not have assistant managers.  They have Parts Sales Manager – you, Carlos ___ (LNU), and Jack Mix.  They have Commercial managers: Lalo____ (LNU).  And then the store manager, Me!"  In October, 2017, Jack Mix told Plaintiff that John Zimmerman was going to be upset with him.  When Plaintiff asked why, his reply was, "He asked me to be his assistant manager, and I cannot because I am going to get all my tools from Waco and go into business for myself repairing cars."

4.05    Plaintiff cannot recall when Cheyanne Dunavin began working at Auto Zone, but she was a red shirt employee.  She was also related to Kim Gonce, the store manager at the 45th and Washington store.   One day Cheyenne told Stiles that her Aunt Kim was hard pressed because John Zimmerman wanted to send Stiles to Kim's store and she was not sure if she wanted someone like Plaintiff who did not work well.  Cheyenne told Stiles that she corrected her aunt and informed her that Stiles was one of the best managers that she had worked with.

4.06    On or about December 3, 2017, Abraham Gonzales was being insubordinate, and Stiles notified the relieving manager, Jack Mix, Jr., that Gonzales was not working for Plaintiff and good luck in getting the truck put up.  Plaintiff clocked out at the end of his shift and, as he was leaving, a customer came in to get a headlight for his car.  Stiles offered to help the customer

and as they were walking back into the store, Abraham Gonzales pushed past Stiles and said that Plaintiff was being "black and lazy!"   The customer asked Plaintiff if Gonzales was a new employee, to which Stiles responded, "No."  Plaintiff apologized for Gonzales' behavior and finished helping the customer.  When Plaintiff finished, he asked Jack Mix what he thought about what Gonzales had said, and Mix became shifty, avoiding Plaintiff's eyes and said that he did not hear anything.  Mix was standing maybe 5 feet from Plaintiff when the incident occurred.

4.07     Stiles called Zimmerman and told him what happened.  Zimmerman gave Stiles his usual response, "I'll look into it."  On December 10, 2017, Plaintiff was told that he was being moved to Kim Gonce's store.  When Stiles began working there Stiles asked District Manager Tommy Gestus if they moved him because of the racial discrimination.  Gestus' response was, "I have moved you here to keep an eye on you!"  Plaintiff  was shocked and asked him what he meant.  Gestus said that all questions will be answered during the Human Resources interview.  On December 15, 2017.  The interview was held and it seemed that Plaintiff  was being drilled about many different things and not the one Stiles anticipated it would be.  At the end of the interview they asked how they had handled the interview.  Plaintiff  responded that, "This part was handled well, but what about the discrimination?"  Gestus ushered Stiles out of the room and ended the call with HR.   Gestus then came out and asked about what discrimination?  Stiles told him that he thought that the interview was because of it.  Gestus indicated that he had never heard anything about it and why did Stiles not come to him.  Plaintiff told Gestus that he was following the chain of command:  Store Manager, District Manager next and when they moved Stiles to the new store, Plaintiff thought they were taking care of it.

4.08     When Plaintiff started working for Kim Gonce, she was shocked that Plaintiff was able to open the store according to policy.  When Stiles asked why she was surprised, she said,

"John said that you were not very smart and he had to watch you all the time! And that he was tired of 'holding your hand' to get stuff done."

    4.09    On December 19, 2017, Plaintiff was terminated.

V.

**Count One**

**Race Discrimination in Violation of 42 U.S.C. § 1981**

    5.01    Plaintiff incorporates the foregoing paragraphs by reference as if set forth verbatim herein.

    5.02    Defendant has deprived Plaintiff of his right to full and equal benefit of regulations and of all laws and proceedings concerning the security of Plaintiff's employment because of Plaintiff's race in violation of 42 U.S.C. § 1981. Because Plaintiff's claims concern different treatment during the pendency and upon the termination of the employment, Plaintiff's claims are subject to the four year statute of limitations. *Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369 (2004).

    5.03    Plaintiff, a black male worker, was treated differently than employees of other races, as generally described above. Specifically, Defendant failed or refused to investigate and discipline employees who engaged in racially discriminatory behavior and comments, and then fired Plaintiff when he complained about it.

    5.04    Such discrimination by Defendant against Plaintiff was intentional.  Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses.  Further, this discrimination was done by Defendant with malice or with reckless indifference to Plaintiff's federally-protected rights.  Plaintiff is therefore also

entitled to recover punitive damages in an amount in excess of the minimum jurisdictional limits of this forum. Plaintiff also seeks to recover all costs of court, attorneys' fees and expert fees.

VI.

**Count Two**

**Race Discrimination in Violation of Title VII/Tex. Labor Code**

6.01     Plaintiff incorporates the foregoing paragraphs by reference as if set forth verbatim herein.

6.02     Defendant employs more than fifteen employees, and is an "employer" within the meaning of Title VII and the TCHRA.  Plaintiff timely filed a charge of discrimination with the EEOC and has since received a "right to sue letter."  Plaintiff files this action within 90 days of actual receipt of his "right to sue" letter, which was issued on December 19, 2018.  His claims under the Texas Commission on Human Rights Act have matured because the 180 day statutory period has expired following the filing of his charge of discrimination.

6.03     The Defendant has violated Title VII and the Texas Human Rights Act, Texas Labor Code § 21.001 *et seq.* by discharging Plaintiff and/or discriminating against Plaintiff in connection with the compensation, terms, conditions or privileges of employment because of Plaintiff's race.  Defendant has engaged in a continuous course of conduct of discrimination against Plaintiff because of his race.

6.04     Such discrimination against Plaintiff was intentional.  Accordingly, Plaintiff is entitled to recover damages for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Further, this discrimination was done by Defendant with malice or with reckless indifference to Plaintiff's federal and state-protected rights.  Plaintiff is therefore also entitled to punitive

damages in a sum which is in excess of the minimum jurisdictional limit of this court.  Plaintiff

is also entitled to recover all costs of court, attorney's fees and expert fees as allowed by Texas

Labor Code § 21.259 and Title VII.

VII.

**Jury Trial Demanded**

7.01    Plaintiff hereby demands trial by jury of all claims to which he is entitled.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to

appear and answer herein, and that upon final trial, Plaintiff have and recover the following relief

against Defendant:

(1)    Judgment for actual damages in the amount of past and future lost earnings and benefits, damages to past and future earnings capacity, and past and future medical expenses;

(2)    Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses;

(3)    Exemplary damages in an amount to be determined by the trier of fact;

(4)    An award of liquidated and/or statutory damages in an amount equal to all lost wages, salary, employment benefits and privileges, and other compensation lost as a result of Defendant's wrongful conduct in the amount proven at trial;

(5)    An order by the Court reinstating Plaintiff as an employee of the Defendant in a similar position with similar pay and benefits to that from which she was wrongfully terminated, or, in the alternative, future pay in an amount to be determined by the Court;

(6)    Prejudgment and post-judgment interest at the maximum legal rate;

(7)    Attorney's fees;

(8)    Expert's fees;

(9)    All costs of court; and

(10)    Such other and further relief to which Plaintiff may be justly entitled.

DATE: February 7, 2019.

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By: _/s/ John H. Crouch, IV_

   JOHN H. CROUCH, IV
   State Bar No. 00783906
   jhc@kilgorelaw.com

3109 Carlisle, Suite 200
Dallas, TX  75204
(214) 969-9099 - Telephone
(214) 953-0133 - Fax

**ATTORNEYS FOR PLAINTIFF
MYRON STILES**

## CERTIFICATE OF SERVICE

On February 7, 2019  I hereby certify that I have served all counsel and/or *pro se* parties of record a copy of the foregoing document by mailing it to their counsel of record, or by another manner authorized by Federal rule of Civil Procedure 5 (b)(2) as follows:

**Via ECF:**
Christopher S. Mann
Jones Walker LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100

Laurie M. Riley, Esq.
Jones Walker LLP
201 South Biscayne Boulevard, Suite 2600
Miami, FL 33131

Tracy E. Kern, Esq.
Louisiana Bar No.: 20246
(Application for *Pro Hac Vice* Admission will be submitted)
Jones Walker LLP
201 St. Charles Avenue, 50th Floor
New Orleans, Louisiana 70170

Amy K. Anderson
Texas Bar No. 24077064
Jones Walker LLP
811 Main Street, Suite 2900
Houston, Texas 77002

/s/ John H. Crouch, IV
John H. Crouch, IV