IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MYRON STILES, | |
| Plaintiff, | |
| | CIVIL ACTION NO. 3:18-cv-02108-B |
| vs. | |
| AUTOZONERS, LLC | JURY TRIAL DEMANDED |
| Defendant. | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Defendant, AutoZoners, LLC ("AutoZone") and submits this Answer and Affirmative Defenses to the Plaintiff's First Amended Complaint ("Complaint") by Plaintiff, Myron Stiles ("Plaintiff"). AutoZone denies each and every allegation unless specifically admitted, qualified, or otherwise answered herein. AutoZone states and alleges as follows:

**I.**

**Introduction**

1.01   AutoZone denies that Plaintiff was terminated due to his race and/or for engaging in protected activity. AutoZone denies the remaining allegations contained in Paragraph 1.01 of Plaintiff's First Amended Complaint for lack of information sufficient to justify a belief in the truth therein.

**II.**

**Parties**

2.01   AutoZone admits that Plaintiff is Myron Stiles and admits that he is a citizen of the State of Texas upon information and belief. AutoZone denies the remaining allegations contained

{M1599123.2}   1

in Paragraph 2.01 of Plaintiff's First Amended Complaint for lack of information sufficient to justify a belief in the truth therein.

2.02   AutoZone admits the allegations contained in Paragraph 2.02 of Plaintiff's First Amended Complaint.

### III.

### Jurisdiction and Venue

3.01   AutoZone admits that jurisdiction is proper.  AutoZone denies any liability and denies that Plaintiff suffered any damages due to any conduct by AutoZone.

3.02   AutoZone admits that venue is proper.  AutoZone denies any liability and denies that Plaintiff suffered any damages due to any conduct by AutoZone.

### IV.

### Factual Allegations

4.01   AutoZone admits that Plaintiff was hired as a Parts Sales Manager on June 23, 2017, that John Zimmerman was the Store Manager at the location for which Plaintiff was hired, and that Mr. Zimmerman has stated that he told Plaintiff "this will be a trial by fire and there is no other way" in the context of Plaintiff's need to acquire management skills based on his lack of having had any experience and Plaintiff's need to learn through on the job training.  AutoZone denies the remaining allegations contained in Paragraph 4.01 of Plaintiff's First Amended Complaint for lack of information sufficient to justify a belief in the truth therein.

4.02   AutoZone admits Plaintiff worked with a "Raul."  AutoZone denies that Plaintiff allegedly enjoyed working with Raul and that Plaintiff did not like the way Mr. Zimmerman was treating him for lack of information sufficient to justify a belief in the truth therein.  AutoZone

denies the remaining allegations contained in Paragraph 4.02 of Plaintiff's First Amended Complaint.

    4.03    AutoZone admits that Mr. Mix, a white male, became employed by AutoZone as a Parts Sales Manager in July of 2017. AutoZone denies the remaining allegations contained in Paragraph 4.03 of Plaintiff's First Amended Complaint.

    4.04    AutoZone admits that the store at which Plaintiff worked did not have an Assistant Store Manager position. AutoZone denies the remaining allegations contained in Paragraph 4.04 of Plaintiff's First Amended Complaint.

    4.05    AutoZone admits that Ms. Dunavin was employed by AutoZone in a non-managerial capacity. AutoZone admits that at some point in time, Ms. Gonce was employed by AutoZone as a Store Manager at a store located at 45th and Washington. AutoZone denies that Ms. Dunavin and Ms. Gonce are related. AutoZone denies the remaining allegations contained in Paragraph 4.05 of Plaintiff's First Amended Complaint for lack of sufficient information to justify a belief in the truth therein.

    4.06    AutoZone admits that in 2017, Mr. Stiles made disparaging remarks about Mr. Gonzalez. AutoZone admits Plaintiff claims that at some point, Mr. Gonzalez stated he was "black and lazy." AutoZone denies that Mr. Mix heard any disparaging remarks by Mr. Gonzalez regarding Plaintiff. AutoZone denies the remaining allegations contained in Paragraph 4.06 of Plaintiff's First Amended Complaint for lack of sufficient information to justify a belief in the truth therein.

    4.07    AutoZone admits that at some point, Plaintiff alleged to Mr. Zimmerman that Mr. Gonzalez referred to him as being "black and lazy" and that Mr. Zimmerman told Plaintiff he would speak with Mr. Gonzalez about this. AutoZone admits that Plaintiff worked at Ms. Gonce's

store for a few days in December of 2017. AutoZone admits that an investigation into Plaintiff's misconduct was conducted by Human Resources and that Plaintiff provided AutoZone with a statement. AutoZone avers that the statement is the best evidence of its contents. AutoZone denies the remaining allegations contained in Paragraph 4.07 of Plaintiff's First Amended Complaint.

4.08   AutoZone denies the allegations contained in Paragraph 4.08 of Plaintiff's First Amended Complaint.

4.09   AutoZone admits that Plaintiff was informed of the decision to terminate his employment on December 19, 2017.

## V.

## Count One

### Race Discrimination in Violation of 42 U.S.C. § 1981

5.01   To the extent applicable, AutoZone incorporates by reference its answers to Paragraphs 4.01- 4.09 and its Affirmative Defenses as if fully restated herein.

5.02   AutoZone admits that the applicable statute of limitations for Plaintiff's Section 1981 claims is four years. AutoZone denies the remaining allegations contained in Paragraph 5.02 of Plaintiff's First Amended Complaint.

5.03   AutoZone admits upon information and belief that Plaintiff is African American and that he was employed by AutoZone. AutoZone denies the remaining allegations contained in Paragraph 5.03 of Plaintiff's First Amended Complaint.

5.04   AutoZone denies the allegations contained in Paragraph 5.04 of Plaintiff's First Amended Complaint.

## VI.

## Count Two

### Race Discrimination in Violation of Title VII/Tex. Labor Code

6.01    To the extent applicable, AutoZone incorporates by reference its answers to Paragraphs 4.01- 4.09 and its Affirmative Defenses as if fully restated herein.

6.02    AutoZone admits that it employs more than fifteen employees and is an "employer" within the meaning of Title VII and the TCHRA.  AutoZone further admits upon information and belief that the United States Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue (Issued on Request); that Plaintiff amended his Complaint within 90 days of his receipt of the Right to Sue, and that 180 days have lapsed since Plaintiff filed his Charge with the TCHR.  AutoZone denies the remaining allegations contained in Paragraph 6.02 of Plaintiff's First Amended Complaint.

6.03    AutoZone denies the allegations contained in Paragraph 6.03 of Plaintiff's First Amended Complaint.

6.04    AutoZone denies the allegations contained in Paragraph 6.04 of Plaintiff's First Amended Complaint.  AutoZone further denies that it is liable to Plaintiff and denies that he is entitled to any damages under the applicable statutes.

## VII.

### Jury Trial Demand

7.01    AutoZone avers that at least some of the issues presented by Plaintiff are not triable by a jury and, thus, denies that Plaintiff is entitled to a jury trial as to all issues arising from Plaintiff's First Amended Complaint.

## AFFIRMATIVE DEFENSES

AND NOW, in further answer to Plaintiff's First Amended Complaint, AutoZone asserts the following affirmative defenses:

AutoZone incorporates paragraphs 1.01 through 6.04 of its Answer as if set forth herein at length.

The following defenses are not stated separately as to each claim for relief or allegation of Plaintiff. Nevertheless, the following defenses are applicable, where appropriate, to any and all of Plaintiff's claims for relief. In addition, AutoZone, in asserting the following defenses, does not admit that the burden of proving the allegations or denials contained in the defenses is upon AutoZone, but, to the contrary, asserts that by reason of denials and/or by reason of relevant statutory and judicial authority, the burden of proving the facts relevant to many of the defenses and/or the burden of proving the inverse of the allegations contained in many of the defenses is upon Plaintiff. Moreover, AutoZone does not admit, in asserting any defense, any responsibility or liability of AutoZone but, to the contrary, specifically denies any and all allegations of responsibility and liability in Plaintiff's First Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent AutoZone discovers, during the course of this action, that Plaintiff engaged in any conduct that would warrant discharge or other employment action under company policy, practice, or procedure, Plaintiff's alleged damages will be limited in accordance with the after acquired evidence doctrine.

**THIRD AFFIRMATIVE DEFENSE**

AutoZone is entitled to an offset against any award of back pay in an amount equal to all interim earnings by Plaintiff from other employment and/or sources and all other additional sums that constitute interim earnings Plaintiff could have earned had he made a reasonable effort to mitigate his damages as required by law. AutoZone is also entitled to any other additional offsets permissible under all applicable laws.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff has failed to reasonably mitigate his alleged damages as required by law, he is not entitled to an award of back pay or front pay.

**FIFTH AFFIRMATIVE DEFENSE**

Any decisions concerning Plaintiff's employment were based on legitimate, nondiscriminatory, non-retaliatory reasons.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from maintaining this action against AutoZone because Plaintiff's injuries and/or damages, if any, were proximately caused, in whole or in part, by unforeseeable, independent, intervening, and/or superseding events and/or by the unforeseeable, independent, intervening, and/or superseding acts and/or omissions of persons and/or entities other than AutoZone.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has not alleged and cannot prove the level of conduct necessary to state a claim for punitive damages. Alternatively, Plaintiff's claim for punitive damages is barred by the defense set forth in *Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999), in that AutoZone has anti-discrimination policies, makes reasonable efforts to educate employees about its anti-

discrimination policies and the prohibitions of state civil rights laws, and makes reasonable efforts to enforce the anti-discrimination policies. Therefore, AutoZone denies any and all liability for punitive damages for any alleged acts of its employees which are contrary to AutoZone's good faith efforts to comply with state law.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for compensatory and punitive damages are subject to all applicable limitations and caps on the recovery of such damages.

### NINTH AFFIRMATIVE DEFENSE

To the extent AutoZone employees were acting outside the course and scope of their employment, AutoZone is not liable for their actions.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, unclean hands, ratification, and/or jurisdiction.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part due to his failure to exhaust administrative remedies and/or are time-barred.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks recovery for alleged injuries arising out of his employment (including but not limited to emotional distress damages), the exclusive remedy for such injury, if any, is the Texas Workers' Compensation Law. The Court lacks subject matter jurisdiction over any and all such claims.

AutoZone reserves the right to amend this Answer and Affirmative Defenses to Plaintiff's First Amended Complaint to assert any additional defenses, if and when, in the course of its

investigation, discovery, or preparation for trial, such defenses become known and/or it otherwise becomes appropriate to assert such affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, AutoZone prays that this, its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, be deemed good and sufficient, and that after due proceedings, there be judgment in favor of AutoZone and against Plaintiff, dismissing all claims asserted therein with prejudice and on the merits, and that costs be assessed and attorneys' fees awarded against Plaintiff, together with such further relief as the Court deems just and proper.

Dated:  February 20, 2019					Respectfully submitted,

Christopher S. Mann
(TX Bar No. 24061563)
Jones Walker LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone:  (504) 582-8332
Facsimile: (504) 589-8332
E-Mail: cmann@joneswalker.com

And

*/s/ Laurie M. Riley*
Laurie M. Riley, Esq.
Florida Bar No.: 657751
(Admitted *Pro Hac Vice*)
Jones Walker LLP
201 South Biscayne Boulevard, Suite 2600
Miami, FL 33131
Telephone: (305) 679-5728
Facsimile: (305) 679-5816
Email: lriley@joneswalker.com

And

Tracy E. Kern, Esq.
Louisiana Bar No.: 20246
(Admitted *Pro Hac Vice*)
Jones Walker LLP

>201 St. Charles Avenue, 50th Floor
>New Orleans, Louisiana 70170
>Phone: (504) 582-8134
>Facsimile: (504) 589-8134
>Email: tkern@joneswalker.com
>
>And
>
>Amy K. Anderson
>Texas Bar No. 24077064
>Jones Walker LLP
>811 Main Street, Suite 2900
>Houston, Texas 77002
>Telephone: 713.437.1800 Facsimile: 713.437.1810
>Email: aanderson@joneswalker.com
>
>**Counsel for Defendant**

## **CERTIFICATE OF SERVICE**

On February 20, 2019, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

John H. Crouch, IV<br>
Kilgore & Kilgore, PLLC<br>
3109 Carlisle, Suite 200<br>
Dallas, TX  75204<br>
Via Email: jhc@kilgorelaw.com

*/s/ Laurie M. Riley*
Laurie M. Riley